J-S48002-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ROOSEVELT-BENTMAN TRUST FOR AMERICAN VOTERS INTERVIVOS TRUST | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: LAWRENCE M. OTTER | : : : : | |
| | : | No. 2113 EDA 2017 |

Appeal from the Order Entered May 23, 2017
In the Court of Common Pleas of Philadelphia County Orphans' Court at
No(s): 608IV of 2014

BEFORE: DUBOW, J., MURRAY, J., and PLATT, J.*

MEMORANDUM BY DUBOW, J.: **FILED OCTOBER 03, 2018**

Appellant, Lawrence M. Otter, Esquire, appeals from the trial court's May 23, 2017 Order awarding counsel fees and costs to the Republican National Committee ("RNC") against him and Peter J. Wirs ("Wirs") jointly and severally. After careful review, we affirm.

We summarize the pertinent facts and procedural history as follows. On October 4, 2007, The 59th Republican Ward Executive Committee ("Executive Committee") established the Roosevelt-Bentman Trust for American Voters (the "Trust"). On May 2, 2014, the Executive Committee filed a Petition to Confirm an arbitration award it alleged that it had received in its favor against the RNC.

Contemporaneously with that Petition, Wirs, as Trustee of the Trust, filed a Petition for Declaratory Judgment (the "Wirs Petition") on the Trust's behalf. On May 21, 2014, the orphans' court dismissed Wirs's Petition owing

_____
* Retired Senior Judge assigned to the Superior Court.

to numerous defects and irregularities. On June 6, 2014, Wirs filed Exceptions to the court's Decree. While the Exceptions were pending, Wirs withdrew the Wirs Petition.[1]

Following the dismissal of Wirs's Exceptions, the court held a hearing on the Executive Committee's Petition to Confirm Arbitration Award and Judgment. After considering the memoranda of law submitted by the parties, the orphans' court dismissed, with prejudice, the Executive Committee's Petition to Confirm. Wirs, as Trustee for the Trust, filed an appeal, and this Court affirmed. *See In re: Roosevelt-Bentman Trust for American Voters Inter Vivos Trust*, No. 796 EDA 2015 (Pa. Super. filed Feb. 29, 2016) (unpublished memorandum).

On June 1, 2016, the RNC filed an Application for Attorney's Fees and Costs pursuant to Pa.R.A.P. 2744. On June 8, 2016, this Court granted the Application finding that because "Wirs's **appeal** was frivolous and his conduct was dilatory, obdurate[,] and vexatious, we deem it appropriate to award RNC counsel fees to deter Wirs from filing frivolous appeals in the future." *See In re: Roosevelt-Bentman Trust for American Voters Inter Vivos Trust*, No. 796 EDA 2015 (Pa. Super. filed June 8, 2016) (emphasis added).

On June 9, 2016, Wirs filed in the Superior Court an Application to Rescind the June 8, 2016 Order, claiming that this Court denied Wirs an opportunity to be heard on the RNC's Application. On June 22, 2016, Wirs

---

[1] The orphans' court dismissed Wirs's Exceptions on July 9, 2014, prior to receiving his *Praecipe* for Withdrawal.

filed an additional Application to Rescind and Vacate Judgment, this time alleging that opposing counsel had perpetrated a fraud on the Court.

On July 22, 2016, this Court, in response to Wirs's Applications, entered an Order affirming its June 8, 2016 Order. The July 22, 2016 Order also directed that, upon remand to the orphans' court for calculation of reasonable appeal-related counsel fees, the court assess those fees "against Wirs alone (and not his counsel)." ***See In re: Roosevelt-Bentman Trust for American Voters Inter Vivos Trust***, No. 796 EDA 2015 (Pa. Super. filed. July 22, 2016). The July 22, 2016 Order is identical to the June 8, 2016 Order, and **limited to matters related to Wirs's appeal**, except for the specific direction that the orphans' court assess fees against Wirs's only and not against his appellate counsel. Neither Order addressed the issue of counsel fees generated by the RNC during the trial phase of this matter.

On August 4, 2016, the RNC filed in the orphans' court a "Petition for Allowance, Calculation and Assessment of Attorney's Fees and Costs pursuant to the Superior Court's Orders, [42] Pa.C.S. § 2503(7) and Pa.R.A.P. 2744" ("Petition").[2] In its Petition, the RNC sought counsel fees totaling $106,565.16 against Wirs individually and as Trustee of the Trust, and against Appellant, for fees incurred during both the trial and appellate phases of this matter. The

---

[2] This Court has not reviewed the RNC's Petition as it is not part of the Certified Record.

orphans' court scheduled a hearing on the Petition for October 13, 2016. Neither Appellant nor Wirs appeared for the hearing.[3]

On March 7, 2017, the orphans' court issued an Order granting the RNC's Petition in part. Pursuant to 42 Pa.C.S. § 2503(7),[4] the court awarded the RNC attorneys' fees and costs of $29,312.10 against Appellant and Wirs jointly and severally for the **trial phase** of this matter.[5]

Pursuant to this Court's July 22, 2016 Order and Pa.R.A.P. 2744, the orphans' court also entered a separate Order on March 7, 2017, awarding counsel fees of $35,000 to the RNC against Wirs individually for the **appellate phase** of the case. The orphans' court complied with the Superior Court's directive that precluded it from awarding fees against Appellant or any other attorney who represented Wirs during the appellate phase.

On March 28, 2017 Appellant filed a Motion for Reconsideration of the March 7, 2017 Order. The orphans' court granted the Motion for Reconsideration on March 31, 2017, and vacated its March 7, 2017 Order.

---

[3] By Order dated October 28, 2016, the orphans' court granted Wirs and Appellant an additional ten days to respond to the RNC's request for fees. Neither filed a Response.

[4] 42 Pa.C.S. § 2503(7) provides that the court may order the payment of counsel fees "as a sanction against another participant for dilatory, obdurate[,] or vexatious conduct during the pendency of a matter."

[5] Wirs filed an appeal from this separate Order, which this court dismissed on August 25, 2017. *See In re: Roosevelt-Bentman Trust for American Voters Inter Vivos Trust*, No. 2105 EDA 2017 (Pa. Super. filed Aug. 25, 2017) (*per curiam*). Thus, this Order is not part of the instant appeal.

Ultimately, upon consideration of Appellant's Motion, on May 23, 2017, the trial court reinstated its March 7, 2017 Order.

Appellant timely appealed. Both Appellant and the orphans' court complied with Pa.R.A.P. 1925.

Appellant has raised the following four issues on appeal:

1. Whether the [c]ourt erred as a matter of law and abused its discretion by not following the holding of the Pennsylvania Superior Court in its Order of July 22, 2016[,] which remanded the matter to th[e orphan's c]ourt and stated: "we deem it appropriate to award RNC counsel fees, against Wirs alone **(and not his counsel)**, to deter Wirs from filing frivolous appeals in the future. We thus remand this matter to the trial court for calculation of reasonable counsel fees…. AND NOW, this 22nd day of July, 2016, upon consideration of RNC's Application for Attorneys' Fees and Costs, said application is GRANTED, **only as against Wirs**[?]"

2. Whether the [c]ourt erred as a matter of law and abused its discretion by awarding fees and costs to the RNC against one of the lawyers involved in this matter?

3. Whether the [c]ourt erred as a matter of law in awarding costs and fees against [Appellant], as the law of the case was established by the Pennsylvania Superior Court in its [h]olding and Order of July 22, 2016?

4. Whether the [c]ourt erred and abused its discretion in awarding costs and fees against [Appellant], as the law of the case was established by the Pennsylvania Superior Court in its [h]olding and Order of July 22, 2016?

Appellant's Brief at 3-4 (emphasis in original).[6]

Instantly, Appellant has presented four issues on appeal, but he has failed to divide the Argument Section of his Brief into four distinct parts in

---

[6] Because Appellant's Brief does not contain pagination, we have assigned each page a corresponding sequential number.

violation of Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued[.]"). Rather, Appellant's Brief contains only one two-page section in which Appellant sets forth argument, presumably in support of all of his claims. Thus, we consider Appellant's issues only insofar as he presents argument to support them in his Argument Section.

Essentially, Appellant argues that the orphans' court violated the Superior Court's July 22, 2016 Order and the law of the case doctrine[7] when it assessed damages against him as Wirs's counsel. Appellant's Brief at 7. He avers that the plain language of the Superior Court's Order precluded the orphans' court from assessing costs and fees against him. *Id.* at 8. Notably, Appellant does not challenge the amount of the fees assessed against him. Rather, he only challenges the orphans' court's authority to award them at all.

Appellant's claim lacks merit. It is clear from this Court's review of the record that, insofar as the orphans' court awarded attorney's fees to the RNC and against Wirs and Appellant jointly and severally, it did so in response to the RNC's August 4, 2016 Petition for Attorneys' Fees. Nothing in this Court's July 22, 2016 Order precluded the orphans' court from awarding fees to the RNC against Appellant and Wirs jointly and severally for their "dilatory,

---

[7] The law of the case doctrine "refers to a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter." *Commonwealth v. Starr*, 664 A.2d 1326, 1331 (Pa. 1995).

- 6 -

obdurate[,] or vexatious conduct" during the trial phase of this matter. 42 Pa.C.S. § 2503(7). In accordance with this Court's directive, the orphans' court entered a separate Order assessing appellate-phase fees to Wirs alone. Appellant is, therefore, not entitled to relief on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/3/18